# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| PLAYVISION LABS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 3:14-CV-312-GCM |
| NINTENDO OF AMERICA, INC. | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

**THIS MATTER** is before the Court upon Defendant's Motion to Transfer Venue (Doc. No. 19), Plaintiff's Response in Opposition (Doc. No. 22), and Defendant's Reply (Doc. No. 24). Defendant requests that this case be transferred to the Northern District of California. For the reasons set forth below, the Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff PlayVision Labs, Inc. ("PlayVision") brought this action on June 13, 2014, asserting claims against Defendant Nintendo of America, Inc. ("Nintendo") for trademark infringement, unfair and deceptive trade practices, unfair competition, and false advertising (Doc. No. 1). Plaintiff's claims center around allegations that Defendant markets and sells a product that is confusingly to a trademark owned by Plaintiff. Plaintiff does not dispute that it is based in the Northern District of California, and that Defendant is based in the State of Washington, but asserts that jurisdiction and venue are proper here "by virtue of the fact that the Defendant conducts business in this State and District . . . , and Defendant has sold and is selling 'Wii Play: Motion' in North Carolina." (Doc. No. 1 at 2).

## II. LEGAL STANDARD

United States Code Title 28 Section 1404(a) provides, in part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a); *see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013). Congress designed Section 1404(a) as a "federal judicial housekeeping measure" to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 636 (1964). In a motion brought pursuant to Section 1404(a), the moving party must establish (1) that the plaintiff could have brought the case in the transferee district and (2) that transfer would make the litigation more convenient for the parties and for the witnesses, and would advance justice. *See Ward v. INVISTA S.a.r.L., LLC*, 5:06-cv-40, 385 B.R. 817, 821 (W.D.N.C. 2008).

## III. DISCUSSION

As an initial matter, the Court notes that this lawsuit could have been brought in the Northern District of California originally. Subject matter jurisdiction exists in that district because PlayVision asserts its claims under federal trademark law, over which all federal courts have subject matter jurisdiction. 28 U.S.C. § 1331. Both parties are subject to personal jurisdiction in the Northern District of California because they each have offices there. (Doc. No. 20-13 at 2). Finally, because Defendant is subject to personal jurisdiction in the California district, it is deemed to reside in that district. 28 U.S.C. § 1391(c).

As to the parties' convenience and the interests of justice, the Western District of North Carolina has consistently applied an eleven-factor test. Those factors are:

> (1) the Plaintiff's choice of forum; (2) the residence of the parties; (3) the relative ease of access of proof; (4) the availability of compulsory process for the attendance of witnesses and the costs of obtaining attendance of willing witnesses; (5) the possibility of a view; (6) the enforceability of any judgment obtained; (7) the relative advantages and obstacles to a fair trial; (8) other problems which might make the litigation more expeditious and economical; (9) the administrative difficulties of court congestion; (10) the interest in having localized controversies resolved at home and the appropriateness in having litigation of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of issues involving conflict of laws.

*Am. Motorists Ins. Co. v. CTS Corp.*, 356 F. Supp. 2d 583, 585 (2005). The parties agree that the fifth factor is irrelevant because there are no premises to view in this action. They also agree that the tenth and eleventh factors have no bearing because this action is premised on federal trademark law.[1] Thus, the Court will proceed to discuss the remaining factors.

**A. Residence of the Parties, Access to Proof, and Other Factors Favoring Transfer**

Defendant argues, and the Court agrees, that nearly all of the pertinent factors favor transfer. To begin with, neither of the parties appears to have any relevant ties to the State of North Carolina. The Complaint notes that Nintendo sells the "Wii Play: Motion" product in North Carolina, but the Court suspects that Nintendo sells this product in every other state as well. Neither party maintains any offices or employees in North Carolina. Defendant acknowledges that it maintains a registered office in Raleigh, but this office only functions to receive official mail and Defendant does not employ anyone there. (Doc. No. 20-13 at 2). Notably, nothing to do with the development or manufacture of the Wii Play: Motion game occurred in North Carolina. (*Id.*)

---

[1] Defendant notes that Plaintiff has brought a claim under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*, but asserts that it is analogous to California's Unfair Competition Law, which mitigates any interest Plaintiff might have in this Court hearing that claim. (Doc. No. 20 at 16). Plaintiff does not rebut this argument.

The parties do, however, have significant ties to the Northern District of California. Plaintiff appears to have its principal place of business in Mountain View, California. (*See* Doc. No. 1 at 1). Although Defendant's principal place of business is in Redmond, Washington, it asserts that the documents and employees that would be most relevant to this dispute are located at its office in Redwood City, California. This office, which is Nintendo's largest marketing and sales office, is located within the California district. (Doc. No. 20-13 at 2). Nintendo employs 70 people there, including Nicholas Chavez, who is Defendant's Senior Director of Consumer Marketing. (*Id.*) Mr. Chavez "has knowledge of the marketing and sales efforts [Nintendo] undertakes in the United States to sell its products, including the Wii Play: Motion game," and will almost certainly be a witness in this case. (*Id.*) To the extent Nintendo's Redwood City office does not house all the documents or employees that would be relevant to this dispute, Nintendo asserts that its office in Redmond, Washington would likely contain these additional resources. (*Id.* at 2-3). That office is only a two-hour flight from northern California, and Nintendo's employees could work from the Redwood City office should they be required to travel for more than a day. (*Id.* at 3).

In response, Plaintiff acknowledges that the residence of the parties and access to evidence favors Defendant, but notes that "email works the same no matter where one is located." (Doc. No. 22 at 5). Plaintiff also "agrees to travel for all depositions on the West Coast," (*id.*), in an attempt to ameliorate the inconvenience and cost of conducting these proceedings in North Carolina. Depositions, however, are not the only proceedings which might require the attendance of witnesses. Should this case go to trial, witnesses for the defense will be

4

required to travel across the country[2] and remain away from their families and places of employment, perhaps for several days at a time. (Doc. No. 20-13 at 3). Given that Plaintiff's principal place of business is in California, the Court suspects that key witnesses for the Plaintiff would also have to travel, and that its relevant documents and other forms of evidentiary proof are located there as well. For these reasons, the Court finds that the residence of the parties, the relative ease of access of proof, and other problems which might make the litigation more expeditious and economical (factors 2, 3, and 8) all weigh heavily in favor of transfer.

For these same reasons, the Court also finds that the availability of compulsory process for the attendance of witnesses and the costs of obtaining attendance of willing witnesses also weighs in favor of transfer. Federal Rule of Civil Procedure 45(d) generally restrains federal courts from compelling the attendance of witnesses more than 100 miles from where the witness resides, is employed, or regularly transacts business in person, *see* Fed. R. Civ. P. 45(c) & (d), and most of the potential witnesses in this case are employed and reside in California. The enforceability of any judgment obtained also weighs in favor of transfer—Nintendo has offices and property within the California district that could potentially satisfy a judgment, but has precisely no assets in North Carolina. (Doc. No. 20 at 12; Doc. No. 20-13 at 2).

**B. Plaintiff's Choice of Forum, Obstacles to Fair Trial, Court Congestion**

This Court ordinarily gives great weight to the Plaintiff's choice of forum. *See, e.g.*, *Datasouth Computer Corp. v. Three Dimensional Technologies, Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989); *Commercial Equip. Co., Inc. v. Barclay Furniture Co.*, 738 F. Supp. 974, 976 (W.D.N.C. 1990); *BellSouth Telecommunications, Inc. v. N.C. Utilities Comm'n*, 3:05-cv-345,

---

[2] Defendant notes that the cost of a flight to Charlotte from Washington is several hundred dollars more than the cost of a flight to northern California. (Doc. Nos. 20-9 & 20-10).

5

2005 WL 2416204 (W.D.N.C. 2005). In fact, this Court regards that choice as "a paramount consideration in any determination of a transfer request . . . [that] should not be lightly disturbed." *Commercial Equip.*, 738 F. Supp. at 976 (quoting *Datasouth*, 719 F. Supp. at 451). In order to overcome this strong preference, "the moving party [must] demonstrate[] that the balance of convenience to the parties and witnesses and the interests of justice weigh heavily in favor of transfer." *Id.*

Defendant argues that the weight normally accorded to that choice should be diminished here because "[t]his choice receives less weight . . . when (1) the plaintiff chooses a foreign forum, or (2) the cause of action bears little or no relation to the chosen forum." *Speed Trac Techs., Inc. v. Estes Express Lines, Inc.*, 567 F. Supp. 2d 799, 803-04 (M.D.N.C. 2008). For reasons the Court has already discussed, *see supra* Part III.A., both of those things are true here. Neither party is at home in the Western District of North Carolina, and this action appears to have no relation whatsoever to the State of North Carolina. The only apparent connection that Plaintiff has to this district is that its outside counsel is located in Charlotte, (Doc. No. 22 at 4), which "of course does not withstand analysis." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984); *see also Speed Trac*, 567 F. Supp. at 804 ("It is the convenience of the parties rather than that of counsel that controls." (citation omitted)). Therefore, the Court agrees that Plaintiff's choice of forum in this case should be accorded diminished weight. *See Speed Trac*, 567 F. Supp. at 804. Given the substantial convenience to the parties and witnesses that would result from litigating this matter in California, the Court finds that Plaintiff's choice of forum is outweighed by the reasons favoring transfer.

As to the seventh factor, Plaintiff agrees that "there are no obstacles to a fair trial in either forum," but does argue that because "PlayVision is an extremely small company, [it] does not

have the resources to litigate against Nintendo in the NDCA . . . ." (Doc. No. 22 at 5). But Plaintiff provides no substantiation for this claim, and it appears that Plaintiff has litigated similar claims in the California district in the past. *See PlayVision Labs, Inc. v. Roberts*, No. 3:12-cv-171 (N.D. Cal. Jan. 10, 2012). Thus, the Court finds that the seventh factor weighs neutrally.

Finally, the Court finds that the ninth factor, which relates to court congestion, weighs slightly against transfer, but not enough to overcome the weight of the other factors. The parties show that the median time from the filing of a civil case to trial is ten months longer in the Northern District of California (34.2 months vs. 24.9 months), and there are about 125 cases more per judge in that district. The median time from the filing of a civil case to disposition, however, is one month shorter there (8.1 months vs. 9.1 months). On balance, these differences are not enough to adversely affect this case, and certainly do not overcome the convenience and efficiency to be gained by transfer. *See Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc.*, 83 F. Supp. 2d 689, 699 (E.D. Va. 2000) ("Docket conditions, while a consideration, cannot be the primary reason for retaining a case in this district." (internal quotations omitted)).

## IV. CONCLUSION

In sum, the Court finds that transfer would make this litigation more convenient for the parties and witnesses, and agrees that "Charlotte, though a grand city, has nothing in common with this [case]." *Clayton v. Warlick*, 232 F.2d 699, 701 (4th Cir. 1956) (Parker, C.J.).

**THEREFORE**, Defendant's Motion to Transfer Venue (Doc. No. 19) is **GRANTED**. This case is to be **TRANSFERRED** from the Western District of North Carolina to the Northern District of California pursuant to 28 U.S.C. § 1404 for such further proceedings as that court may deem appropriate.

**SO ORDERED.**

Signed: November 18, 2014

Graham C. Mullen
United States District Judge